McFADDEN, Judge,
concurring fully and specially.
I concur fully. I write separately to respond to a rhetorical question in the Brief of Appellants: “If Dr. Kerns is not an expert about the treatment of inmates undergoing alcohol withdrawal, who is?”
As the trial court acknowledged in his detailed and thoughtful order, “Dr. Kerns appears to be at the top of the medical and administrative chain.” But as the trial court went on to explain, OCGA § 24-7-702 (c)
seeks to greatly narrow the pool of experts the law deems worthy of testifying in medical malpractice suits, and it seems self-evident that experts with sterling overall qualifications will be excluded in cases based on the perimeters of frequency and specialty that are statutorily pronounced.
Under that statute, the analysis narrows to three of the five years that precede Carol McKuhen’s death. It focuses on the particular medical tasks at issue. And teaching and consultation in states where a prospective expert witness is not licensed — even when entirely proper (see OCGA § 43-34-30) — do not count.
The qualities that might have made Dr. Kern a particularly impressive witness — the breadth of his responsibilities and his national stature — have worked against the admissibility of his testimony They have made it difficult for him to provide the information the trial court needed to make the determination required by the statute.
So the answer to appellants’ rhetorical question is: an expert with less stellar qualifications. The sort of expert who can most readily qualify under OCGA § 24-7-702 (c) is one whose responsibili *374 ties do not often entail consultations or teaching outside the states where he or she is licensed and who is readily able to quantify his or her experience performing or teaching about the particular medical task at issue.